HENSEL–COLLADAY CO. v. ROSENAU et al.

(Circuit Court, E. D. Pennsylvania. January 29, 1901.)

PATENTS—SKIRT PROTECTORS.

The Poyet patent, No. 621,124, for an improvement in skirt protectors, is not invalid for indefiniteness, in failing to specify how much one of the two heads of the skirt protector should be wider than the other, or how much the number of weft threads in one head should be greater than the number in the other.

Wm. C. Strawbridge, for complainant.

M. A. Kursheedt, for respondents.

J. B. McPHERSON, District Judge. The complainant is the owner of letters patent No. 621,124, issued upon the application of John Baptiste Poyet for an improvement in skirt protectors. The claims of the patent are as follows:

"(1) A skirt protector consisting of a fabric composed of a double head and a brush, one head having a greater number of weft threads than the other, whereby the protector is curved in the direction of its length.

"(2) A skirt protector consisting of a double head, and a brush, one head having a greater number of weft threads than the other, and the two heads being of different widths.

"(3) A fabric for a skirt protector formed of two sets of heads, each set being composed of warp and weft threads, the weft threads being floated from one set of heads to the other, one member of each set of heads having a greater number of weft threads than the other member of said set.

"(4) A fabric for a skirt protector formed of two sets of heads, each set being composed of warp and weft threads, the weft threads being floated from one set of heads to the other, one member of each set of heads having a greater number of weft threads than the other member of said set, and the members of each set of heads being of different widths."

In May, 1898, the complainant began to manufacture and sell skirt protector fabrics embodying Poyet's invention, no curved skirt protector binding having been made or sold before that time. The fabric was put upon the market through Stewart, Howe & May, of New York, and has been largely advertised by a picture of the skirt protector, with the letters "S., H. & M." The invention has been useful and successful, the sales during the first year amounting to $11,000, during the second year to $60,000, and during the third year, up to the month of June, 1900, to $26,000, making a total of $97,000 during this period. The defendants, except Charles and Philip Rosenau, who are not members of the firm of S. Rosenau & Co., and against whom there is no evidence, manufactured and sold a fabric, substantially identical with the complainant's fabric, between the date of the patent and the date of filing the bill. The infringing article embodies the construction specified in each claim of the patent.

No serious effort was made to prove that the patent in suit had been anticipated, and this defense need not be further considered; nor, in reply to the defense of want of invention, is it necessary to say more than to express my disagreement with the defendants upon this point. No doubt the line between invention and the mere application of mechanical skill is sometimes difficult to draw, and there will often be difference of opinion upon the same facts. To my mind, the complainant's patent embodies the result of inventive thought. Another mind may, perhaps, come to a different conclusion.

The principal defense is that the patent is invalid "because it does not state in the specification or either of the claims how much one of the two heads of the skirt protector should be wider than the other, or how much the number of weft threads in one head should be greater than the number in the other." Or, in other words, to quote from Howard v. Stove Works, 150 U. S. 165, 14 Sup. Ct. 68, 37 L. Ed. 1039, because "the description of the invention is vague and indefinite, and is not sufficient to enable those skilled in the art to construct it without experiment so as to attain the desired result." It does not seem to me that this defense calls for much discussion. It is sufficiently answered, I think, by a reference to the specifications and drawings of the patent, and by a statement of the facts that not only is there no testimony to support the charge of insufficient description, but that the defendants did not find the slightest difficulty in making the patented fabric. The patent was granted on March 14, 1899, and almost immediately the defendants began to manufacture; for the bill was filed on May 26th, only two months afterwards, and the defendants' sales were made between these dates.

A decree may be prepared, awarding an injunction, and directing the defendants to account.